**Thomas K. Doyle**, OSB No. 97251
Email: doylet@bennetthartman.com
Bennett, Hartman, Morris & Kaplan, LLP
111 SW 5th #1650
Portland, Oregon 97204-1376
Telephone: (503) 227-4600
Facsimile: (503) 248-6800

    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DIANE L. SANDERS, | No. CV'07-0776-KI |
| Plaintiff, | COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF (Americans with Disability Act, Family Medical Leave Act and Supplementary State Claims) |
| v. | |
| CITY OF NEWPORT, an Oregon Municipal Corporation, and NANCY BOYER (individual capacity), | DEMAND FOR JURY TRIAL |
| Defendants. | |

NATURE OF THE ACTION

1. Diane L. Sanders ("Plaintiff") brings this action for violation of her rights under the Americans with Disabilities Act, Family Medical Leave Act and supplementary state claims. These claims for injunctive relief and damages arise under 42 U.S.C. § 12101 *et seq* and 28 U.S.C. § 2611 *et seq.*; 29 CFR § 825.220, and O.R.S. § 659A.150 *et seq.*

Page 1 - COMPLAINT

G:\Doyle\Sanders 10611\Complaint.wpd

## JURISDICTION AND VENUE

2. Jurisdiction arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon common law because the state claims arise from the same nucleus of operative facts as the federal claims.

3. Venue is within the District of Oregon pursuant to 28 U.S.C. § 1391(b) as the claim arose in this judicial district.

## PARTIES

4. Plaintiff is a resident and citizen of the State of Oregon. At all material times herein she was employed by Defendant, the City of Newport.

5. Defendant, the City of Newport ("the City"), is a municipal corporation and governmental subdivision of and within the State of Oregon.

## GENERAL ALLEGATIONS

6. Plaintiff was employed for nine years by the City as an accounting clerk in the finance department beginning about September 15, 1997.

7. From November 8, 2005 until Plaintiff's termination of employment, Nancy Boyer was one of the Plaintiff's supervisors and acted in the course and scope of her employment with the City.

8. Plaintiff is a qualified individual with a disability as that term is defined by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Plaintiff has multiple chemical sensitivity that was diagnosed in January of 2006.

9. Plaintiff's disability substantially limits her ability to come into contact with certain chemicals that she was exposed to at work for the City when printing bills in an unventilated room with low grade paper.

10. Plaintiff printed about 4,100 bills a month on low grade, 84 bright paper. A true and complete copy of the Newport, Oregon, News-Times article dated August 20, 2003 is attached as Plaintiff's Exhibit 001.

11. As a result of exposure to certain chemicals while working for the City, Plaintiff suffered physical side effects, including but not limited to, headaches, nausea, and sinus problems that result in chronic fatigue and pain, and which impairs most physical activities.

12. The City knew of Plaintiff's disabilities and regarded Plaintiff as disabled.

13. Despite Plaintiff's request, the City refused to consider adding a ventilation system and sent an office memo stating that office door's are never to remain open and that no exceptions were to be made. The door remained closed from about 2002 to 2005. A true and complete copy of a letter dated June 21, 2006 from Plaintiff to Allen O'Neal, City Manager, is attached as Plaintiff's Exhibit 002.

14. The City was notified of Plaintiff's medical condition frequently, including in an email to Nancy Boyer on about November 8, 2005. This email requested information on remedies the City would take to alleviate Plaintiff's condition and also to notify the City that Plaintiff would be leaving the door open while printing the bills to limit her exposure to certain chemicals. A true and complete copy of an e-mail from Plaintiff to Defendant Nancy Boyer dated November 8, 2005, a true and complete copy of an e-mail from Plaintiff to Linda Brown

dated November 14, 2005, and a true and complete copy of a letter from Brent Winiger dated May 6, 2006, are attached as Plaintiff's Exhibits 003, 004 and 005 respectively.

15. Plaintiff communicated her medical concerns to the City on November 8, 2005.

16. On November 10, 2005, Plaintiff's husband, Kent Sanders, contacted Oregon-Occupational Health and Safety Administration (OR-OSHA) to file a complaint on Plaintiff's behalf and request testing for certain chemicals at the City's water billing printing room. A true and complete copy of the Notice of Alleged Safety or Health Hazards complaint is attached as Plaintiff's Exhibit 006.

17. On November 23, 2005, the City of Newport Safety Committee discussed Plaintiff's exposure to certain chemicals that resulted from the badly ventilated printing room and the use of low grade paper. A true and complete copy of the Draft Minutes of the City of Newport Safety Committee held on November 23, 2005, are attached as Plaintiff's Exhibit 007.

18. The City was notified in an email from Plaintiff to Nancy Boyer on December 7, 2005, as to Plaintiff's physical condition resulting from chemical exposure in the copy room. A true and complete copy of the email from Plaintiff to Defendant Nancy Boyer dated December 7, 2005, is attached as Plaintiff's Exhibit 008.

19. On or about December 2005 Oregon OSHA tested Plaintiff's workplace for the presence of chemicals in the air.

20. On January 13, 2006, Plaintiff's doctor notified the City that Plaintiff suffered from severe sensitivity to fumes and odors as a result of her duties in the copy room. A true and

complete copy of Dr. Joseph T. Morgan's letter to Defendant Nancy Boyer dated January 13, 2006 is attached as Plaintiff's Exhibit 009.

21. Plaintiff suffered from multiple chemical sensitivity. A true and complete copy of a letter from Plaintiff to Allen O'Neal, City Manager, dated June 21, 2006, is attached as Plaintiff's Exhibit 010.

22. As a result of these disabilities, Plaintiff's physician, Dr. Joseph T. Morgan, assisted Plaintiff in notifying the City of Plaintiff's need for an accommodation to limit her exposure to certain chemicals on January 13, 2006.

23. On January 13, 2006, Plaintiff's doctor suggested improving the printing room's ventilation system and using a better grade paper for billing.

24. Beginning in December 2005, OR-OSHA made several site visits throughout the next six months, finding chemical toxicity. A true and complete copy of a letter from the Oregon Department of Consumer and Business Services dated May 24, 2006, is attached as Plaintiff's Exhibit 011.

25. The City received a letter from Plaintiff's attending physician. Dr. Morgan dated January 13, 2006 stating the need for a medical leave of absence.

26. On about January 19, 2006, Plaintiff took a medical leave of absence.

27. In a report by an Oregon OSHA inspector on or about January 23, 2006 to plaintiff that testing in December indicated the presence of Acetonitrile. The concentration of Acetronitrile was above allowable OSHA. The inspector indicated that exposure to Acetonitrile for one hour would be over the acceptable limits of exposure.

28. On or about February 3, 2006, Plaintiff returned to her worksite to discuss her return to work. At that time, she was told by Ms. Boyer that the OSHA inspector's results indicated that Plaintiff should stay away from City Hall and as a result, Plaintiff was ordered to leave.

29. On April 28, 2006, Plaintiff's physician, Dr. Morgan, cleared Plaintiff to return to work in a letter to the City, if the City:

(1) would upgrade its billing paper from 84 Bright to 92 Bright and ;

(2) would leave the door to the copy room open during the printing of bills.

A true and complete copy of Dr. Joseph Morgan's letter to Defendant Nancy Boyer is attached as Plaintiff's Exhibit 012.

30. By April 28, 2007, the City had already purchased 92 Bright paper or better for use in the office and would leave the door open during printing. A true and complete copy of an email from Plaintiff to Defendant Nancy Boyer dated May 8, 2006 is attached as Plaintiff's Exhibit 013.

31. Nonetheless, the City refused Plaintiff's request to return to work. True and complete copies of letters from Defendant Nancy Boyer to Plaintiff dated May 5, 2006, June 19, 2006, and July 10, 2006 are attached as Plaintiff's Exhibits 014, 015, and 016 respectively.

32. The City was notified of Plaintiff's desire to return to work in February and April 2006.

33. On May 1, 2006, Plaintiff once again requested return to work   A true and complete copy of Plaintiff's letter to Defendant Nancy Boyer is attached as Plaintiff's Exhibit 017.

34. Plaintiff's physician, Dr. Morgan, wrote three different letters releasing the Plaintiff to return to work with restrictions on April 28, 2006, May 9, 2006, June 5, 2006. True and complete copies of Dr. Joseph Morgan's May 9, 2006 and June 5, 2006 letters to Defendant Nancy Boyer are attached as Plaintiff's Exhibits 012, 018 and 019 respectively.

35. At all relevant times, there was an available and suitable position which Plaintiff could perform with Plaintiff's restrictions.

36. The City refused to allow Plaintiff to return to work, claiming they could not implement Plaintiff's physician's recommended restrictions on April 28, 2007. A true and complete copy of attorney Kirk Mylander's letter to Plaintiff dated October 17, 2006 is attached as Plaintiff's Exhibit 020.

37. Dr. Morgan wrote multiple letters to the City clarifying the recommended two accommodations the City needed to implement in order for the Plaintiff to return to work. A true and complete copy of Dr. Joseph Morgan's letter to Defendant Nancy Boyer dated June 20, 2006 is attached as Plaintiff's Exhibit 021.

38. On January 23, 2006, Plaintiff filed a workers' compensation claim. A true and complete copy of Worker's Report of Occupational Injury or Disease/Illness Claim form is attached as Plaintiff's Exhibit 022.

39. On September 11, 2006, Plaintiff's unemployment claim was accepted. A true and complete copy of the Office of Administrative Hearings Decision is attached as Plaintiff's Exhibit 023.

40. On December 20, 2006, the Plaintiff filed a civil rights complaint with the Bureau of Labor and Industries of Oregon ("BOLI") and with the Equal Employment Commission ("EEOC").

41. On January 8, 2007, the City terminated Plaintiff's employment. A true and complete copy of the Memorandum from Lee Gadinas, Finance Director, to Plaintiff is attached as Plaintiff's Exhibit 024.

42. On March 8, 2007, Plaintiff received a right to sue letter from the BOLI and on April 24, 2007 Plaintiff received a right to sue letter from EEOC. True and complete copies of the BOLI and EEOC right to sue letters are attached as Plaintiff's Exhibits 025 and 026 respectively.

FIRST CLAIM FOR RELIEF

(Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*)

43. Plaintiff realleges and incorporates paragraphs 1 through 42.

44. The City is an employer as defined by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* and ORS 659A.100 *et seq.*.

45. Plaintiff is an individual with a disability as "disability" is defined by the Americans with Disabilities Act, 42 U.S.C. § 12102(2) and ORS 659A.100 *et seq*. Plaintiff has impairments that substantially limit one or more major life activities. Plaintiff also had a record of impairments and/or was regarded as disabled by the City.

46. The City knew that Plaintiff was disabled.

47. The City discriminated against Plaintiff on the basis of Plaintiff's disabilities. The City's discriminatory acts included but were not limited to:

 (1) failing to engage in the interactive process with Plaintiff when Plaintiff informed the City that the accommodation of opening the door to the copy room was insufficient to alleviate the exposure to chemicals; and

 (2) failing to reinstate Plaintiff, when Plaintiff informed the City that she could return to work if 92 Bright paper was used for billing.

48. Plaintiff requested reasonable accommodations from the City.

49. The City failed to provide reasonable accommodations for Plaintiff's disabilities.

50. The City refused to engage in the interactive process with Plaintiff as required under the Americans with Disabilities Act. The City failed to adequately inquire into Plaintiff's disabilities, to adequately inquire into the feasibility of the requested accommodations, and to adequately inquire into the required changes to the Plaintiff's work environment needed to accommodate her medical condition.

51. As a result of the City's conduct, Plaintiff has suffered economic damages in an amount to be determined at trial, and her current and future medical expenses as a result of the severe impact upon her mental and emotional state.

52. As a further direct and proximate result of the city's conduct, Plaintiff has suffered and will continue to suffer from a depressed mood, humiliation, anger, frustration, anxiety, emotional pain, mental anguish, difficulty sleeping, and loss of enjoyment of life and is entitled to an award of compensatory damages.

53. Plaintiff is further entitled to reasonable attorney fees, expert fees and costs, pursuant to 42 U.S.C. § 2000e-5(k).

/ / / /

/ / / /

## SECOND CLAIM FOR RELIEF

(Oregon Disability Discrimination ORS 659A.100)

54. Plaintiff realleges and incorporates paragraphs 1 through 53.

55. The City's termination of Plaintiff was also discrimination based upon disability and was caused by a failure to accommodate Plaintiff's disability.

56. As a result of the City's conduct, Plaintiff has suffered economic damages in an amount to be determined at trial, including front pay damages, due to her termination and her current and future medical expenses as a result of the severe impact upon her mental and emotional state.

57. As a further direct and proximate result of the City's conduct, Plaintiff has suffered and will continue to suffer from a depressed mood, humiliation, anger, frustration, anxiety, emotional pain, mental anguish, difficulty sleeping, and loss of enjoyment of life and is entitled to an award of compensatory damages.

58. Plaintiff is further entitled to reasonable attorney fees, expert fees and costs, pursuant to 659A.885.

## THIRD CLAIM FOR RELIEF

(Violation of the Family Medical Leave Act, 28 U.S.C. § 2611 *et seq.*; 29 CFR § 825.220)

59. Plaintiff realleges and incorporates paragraphs 1 through 58.

60. The City is an "employer" for purposes of the Family Medical Leave Act ("FMLA"), because the City employs over 50 employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. § 2611(4)(A); CFR §§ 825.104(a), 825.105.

61. Plaintiff is an "employee" for purposes of the FMLA, because Plaintiff worked for the City for more than 12 months; worked at least 1250 hours during the 12-month period immediately before the leave commenced. 29 U.S.C. § 2611(2)(A); 29 CFR §§ 825.110(b), 825.110 (c).

62. Plaintiff suffers from serious health conditions, including but not limited to headaches, nausea, and sinus problems that result in chronic fatigue and pain, as that term is defined in 29 U.S.C. § 2611(11).

63. Plaintiff's medical leave was implemented so Plaintiff could recover from, or seek treatment for her own serious health condition. 29 CFR § 825.112(a)(4). Plaintiff was denied reinstatement.

64. As a result of the City's conduct, Plaintiff has suffered economic damages in an amount to be determined at trial, including front pay damages, due to her termination and her current and future medical expenses as a result of the severe impact upon her mental and emotional state.

65. As a further direct and proximate result of the City's conduct, Plaintiff has suffered and will continue to suffer from a depressed mood, humiliation, anger, frustration, anxiety, emotional pain, mental anguish, difficulty sleeping, and loss of enjoyment of life and is entitled to an award of compensatory damages.

66. Plaintiff is further entitled to an additional award of liquidated damages equal to the amount of economic damages under 29 U.S.C. § 2617.

67. Plaintiff is further entitled to attorney fees, reasonable expert fees and costs under 29 U.S.C. § 2617.

## FOURTH CLAIM FOR RELIEF

(Violation of the Oregon Family Leave Act, O.R.S.§ 659A.150 *et seq.*)

68. Plaintiff realleges and incorporates paragraphs 1 through 67.

69. The City is an "employer" for purposes of the Oregon Family Leave Act ("OFLA") because the City employees 25 or more persons in the State of Oregon for each working day during each of 20 or more calender workweeks in the year in which the leave was taken under O.R.S. § 659A.153.

70. Plaintiff is an "employee" for purposes of OR-FMLA because Plaintiff is an employee of a covered employer, was employed longer the 180 days at the City, and worked an average of more then 25 hours per week for the City under O.R.S.§ 659A.156.

71. Plaintiff suffers from serious health conditions, including but not limited to headaches, nausea, and sinus problems that result in chronic fatigue and pain, as that term is defined in O.R.S.§ 659A.150(6).

72. Plaintiff's medical leave was implemented so Plaintiff could recover from, or seek treatment for her own serious health condition. O.R.S. § 659A.159.

73. The City failed to restore Plaintiff to her original still existing position or to an equivalent position in violation of O.R.S.§ 659A.171.

74. As a result of the City's conduct, Plaintiff has suffered economic damages in an amount to be determined at trial, including front pay damages, due to her termination and her current and future medical expenses as a result of the severe impact upon her mental and emotional state.

75. As a further direct and proximate result of the City's conduct, Plaintiff has suffered and will continue to suffer from a depressed mood, humiliation, anger, frustration, anxiety, emotional pain, mental anguish, difficulty sleeping, and loss of enjoyment of life and is entitled to an award of compensatory damages.

76. Plaintiff is entitled to bring a civil action for injunctive and equitable relief under O.R.S. § 659A.885.

77. Plaintiff is further entitled to attorney fees, reasonable expert fees and costs under O.R.S. § 659A.885.

FIFTH CLAIM FOR RELIEF

(Common Law Tort for Wrongful Discharge)

78. Plaintiff realleges and incorporates paragraphs 1 through 77.

79. Plaintiff was terminated for exercising her statutorily protected rights to work in a safe environment in violation of public policy.

80. The common law tort for wrongful discharge is recognized by the Oregon court in *Nees v. Hocks*, 272 Or. 210, 536 P.2d 512 (1975)

81. Plaintiff's right to work in a safe environment is an important public interest.

82. Plaintiff's right to take medical leave is an important public interest.

83. Her employment was wrongfully terminated on about January 8, 2007, because she exercised these important public rights.

84. As a result of the City's conduct, Plaintiff has suffered economic damages in an amount to be determined at trial, including front pay damages, due to her termination and her

current and future medical expenses as a result of the severe impact upon her mental and emotional state.

85. As a further direct and proximate result of the City's conduct, Plaintiff has suffered and will continue to suffer from a depressed mood, humiliation, anger, frustration, anxiety, emotional pain, mental anguish, difficulty sleeping, and loss of enjoyment of life and is entitled to an award of compensatory damages

86. As a result of the City's violation of societal interests and unambiguous public policy against the discrimination of American's with Disabilities, Plaintiff is entitled to punitive damages.

### SIXTH CLAIM FOR RELIEF

(ORS 659A.040 Discrimination for Applying for Workers Compensation Benefits.)

87. Plaintiff realleges and incorporates paragraphs 1 through 86.

88. The City discriminated against Plaintiff in regard to her terms and conditions of employment because Plaintiff applied for benefits under ORS Chapter 656.

89. As a result of the City's conduct, Plaintiff has suffered economic damages in an amount to be determined at trial, including front pay damages, due to her termination and her current and future medical expenses as a result of the severe impact upon her mental and emotional state.

90. As a further direct and proximate result of the City's conduct, Plaintiff has suffered and will continue to suffer from a depressed mood, humiliation, anger, frustration, anxiety, emotional pain, mental anguish, difficulty sleeping, and loss of enjoyment of life and is entitled to an award of compensatory damages.

91. Plaintiff is entitled to bring a civil action for injunctive and equitable relief under O.R.S. § 659A.885.

92. Plaintiff is further entitled to attorney fees, reasonable expert fees and costs under O.R.S. § 659A.885.

## SEVENTH CLAIM FOR RELIEF

(ORS 654.062 Retaliation for Complaint Regarding Workplace Safety)

93. Plaintiff realleges paragraphs 1 through 92 above.

94. Defendant's refusal to reinstate and and termination of Plaintiff was because of Plaintiff's complaint about health and safety concerns in the workplace. This retaliation violated ORS 654.062(5)(a).

95. As a result of Defendants' actions, Plaintiff has been injured and is entitled to economic, compensatory, and punitive damages in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

(42 USC Sec. 1983 First Amendment Retaliation Against Defendant Boyer)

96. Plaintiff realleges paragraphs 1 through 95 above.

97. Plaintiff made a report to OSHA on a matter of public concern.

98. This report was not part of Plaintiff's job responsibilities.

99. In response to this report, Defendant Boyer refused to reinstate Plaintiff to her position and ultimately terminated plaintiff.

100. Defendant Boyer's termination of Plaintiff was in retaliation for Plaintiff exercising her rights to free speech.

101. As a result of Defendant Boyer's unlawful actions, Plaintiff has been injured and is entitled to economic, compensatory, and punitive damages in an amount to be determined at trial.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

### PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. A declaration that the City has violated Plaintiff's constitutionally protected rights and an order requiring the City to correct this deficiency;

2. Economic damages for any loss of income due to Plaintiff's termination and for Plaintiff's medical and therapy expenses;

3. Compensatory damages in an amount to be determined at trial, but in an amount no less than $300,000;

4. Liquidated damages in an amount to be determined at trial;

5. Plaintiff's attorney fees and expert fees; and

6. Costs and disbursements incurred herein.

DATED: this 23rd day of May, 2007.

_____
Thomas K. Doyle, OSB No.97251
Email: doylet@bennetthartman.com
(503) 227-4600
(503) 246-6800 fax
Attorney for Plaintiff