June 20, 2006
RE: Diane Sanders
Page Two

I hope this will be some help in further assistance to Mrs. Sanders.

Sincerely yours,

Joseph T. Morgan, M.D.

JTM/rc

**CITY COUNTY INSURANCE SERVICES**
**WORKERS' COMPENSATION GROUP**
c/o Pinnacle Risk Management Services
P.O. Box 19990
Portland, OR 97280-0999
Telephone: (503) 245-9756
Fax: (503) 246-1581

## WORKER's report of occupational injury or disease/illness claim

1. Worker's language preference: ☒ English ☐ Spanish ☐ Russian ☐ Vietnamese ☐ Other (please specify):

2. Worker's legal name (first, m.i., last): Diane L. Sanders
3. Date of birth: 12-31-53
4. Male ☐  Female ☒
5. Social Security number (See attached "Notice to Worker"): 545 04 1984

6. Worker's street, mailing, and e-mail addresses: PO Box 1026, Waldport, OR 97394
Home phone: (541) 563 6716
Work phone: (541) 574 0616

7. Date of injury/illness: On or about 4/2003
8. Time of injury/illness: N/A
9. Last date worked: 1-18-2006
10. Nature of injury/illness (strain, cut, bruise, etc.): Chemical Exposure to VOC's
11. Education: Grade completed (0-20): 12
12. Body part(s) affected: EARS, Sinuses, Hands, Respiratory, Digestive, Nerves, Auto-Immune System ☒ Left ☒ Right

13. Employer's name, street address, and phone no.: City of Newport, 169 SW Coast Hwy, Newport OR 97365
14. Name of medical provider who first treated injury/illness: Dr. Joseph Morgan EXT 248 Phone: (541) 269-0333
15. Name of regular doctor: Dr. John B. Lehrer Phone: (541) 265-3772
16. Occupation (job title): Utility Billing/Finance Dept.
17. Name, phone, and ID or group no. of personal health insurer: Regence Blue Cross 1-888-207-4211 Group # 09600073

18. Describe the injury or illness fully (how and where it occurred): Since Sept. 2002 when I started printing 4,000 water bills per month, plus related reports on a new large Xerox printer, I have been experiencing a multitude of adverse medical symptoms and conditions. I was working in a copy/work room at City Hall with the door closed, no operable windows & no exhaust system to vent toxic fumes & chemicals that are released in the printing process. An incorrect MSDS was posted. There were no hazard or warning signs posted.
Witnesses (if any): See Attachment

19. Has body part been injured before? (If "Yes," explain.) ☐ Yes ☒ No

20. Check here if you have more than one employer: ☐ See attached *Understanding workers' compensation claims* under "If I can't work, will I receive payments from the insurer for lost wages?" to find out if you are eligible for additional benefits.

21. **By my signature:** I am giving NOTICE OF CLAIM for workers' compensation medical or disability benefits. I certify that the above information is true to the best of my knowledge and belief. I authorize medical providers and other custodians of the claim record to release medical records relevant to the injury or disease claimed on this 801 to the workers' compensation insurance company and the Oregon Department of Consumer and Business Services. Medical information relevant to the claim includes a history of the complaints or treatment of a condition similar to that presented in the claim or other conditions related to the same body part. This form does not authorize release of the following information:
• Participation in federally funded treatment programs for drug and alcohol abuse under Fed. Regulation 42, CFR (2).
• HIV-related information unless the claimed condition is HIV or AIDS or when such information is relevant to the claimed condition(s).

I authorize the use of my SSN as described in Paragraph 2 on the attached "Notice to Worker." (If you do not authorize the use of your SSN as described in Paragraph 2, check here ☐.)

Worker: Sign form and give it to your employer on the day you sign it. Your employer will give you a copy.

x *Diane L Sanders*   1-23-2006
Worker's signature    Today's date

Dept. use
Emp no
Ins no
Occ
Nature
Part
Event
Source
Assoc
Object

**Employer: Provide information below, sign form, and give the worker a copy immediately. Send a copy to the insurer, along with Page 1 or other injury/illness report, within 5 days of Notice of Claim. Retain a copy for your records.**

22. Employer's legal name: CITY OF NEWPORT
23. Employer's FEIN:
24. Date employer first knew of claim:
25. Name, title, and phone number of signer: LEE GADINAS, FINANCE DIRECTOR   541-574-0610

x *[signature]*
Signature of employer representative    Today's date

440-801 (12/01/DCBS/WCD/WEB)    Oregon Workers' Compensation Division    Page 2 of 2   **801**

Plaintiff's Exhibit 022
Page 1 of 2

Diane L. Sanders
City of Newport
Date of Claim 1-23-06

Jan. 24, 2006

801 Form
Attachment

Witnesses: Finance Dept.
1) Brent Winiger (No longer works for the City) Former Finance Director
2) Linda Brown, Payroll
3) Kay Keady, Customer Service
4) Gus Jimenzez, A/P

Public Works Dept. (City Hall)
1) Sharon Seabrook, Secretary

Community Development (City Hall)
1) Wanda Haney
2) James Bassinguathe

City Manager's Office (City Hall)
1) Nancy Bayer, Interim City Manager
2) Cheryl Atkinson, Secretary

**Plaintiff's Exhibit 022**
**Page 2 of 2**

```
Ref # U29103                    STATE OF OREGON                Dec Mailed:    09/13/06
SSN: 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           ore the Office of Administrative Hearing.   Dec Final:     10/03/06
18-07    UI                     for the Employment Department         Mailed By:       JG001
FO: 300                              PO Box 14020                     Case #:     06-UIB-12613
                                  Salem, OR 97309-4020
```

# HEARING DECISION ♦ DECISIÓN DE LA AUDIENCIA

| CLAIMANT/RECLAMANTE | EMPLOYER/EMPLEADOR |
|---|---|
| DIANE L SANDERS<br>PO BOX 1026<br><br>WALDPORT     OR 97394-1026 | TALX UC EXPRESS<br>FOR: CITY OF NEWPORT<br>PO BOX 283<br>ST LOUIS     MO 63166-0283 |

EMPLOYMENT UI CLAIMS   300   PLM01

*[Handwritten: "Con Decision"]*

The following **HEARING DECISION** was served to the parties at their respective addresses.
La siguiente **DECISIÓN DE LA AUDIENCIA** fue servida a cada partidario a sus domicilios respectivos.

You may appeal this decision by filing an Application for Review with the Employment Appeals Board within 20 days of the date that this decision is mailed. See ORS 657.270(4). For directions regarding how to file an Application for Review, please refer to the enclosed information. If you have further questions, contact the Employment Appeals Board, 875 Union Street NE, Salem, OR 97311, or call 503-378-2077. If the publication 'Rights of Review of a Hearing Decision' was not enclosed with this decision call the Office of Administrative Hearings at 1-800-311-3394.

Public Assistance and Food Stamps may be denied if a decision denying unemployment insurance benefits becomes final without an appeal.

NOTICE: If this decision reverses any initial decision to pay benefits on your claim and if this decision becomes final without further appeal, an overpayment may be determined to exist. Further benefits otherwise payable during the benefit year may be deducted to recover the erroneous payment. After the final date indicated on this decision, you will receive further information regarding your overpayment.

Si Ud. no esta de acuerdo con esta decisión, puede pedir una revisión dentro de 20 dias después la fecha en que esta decisión envió por correo. Favor de referirse al papel adjunto Rights of Review o al folleto Su Audiencia con el Departamento de Empleo. En pagina ocho (8) del folleto hay información para pedir una revisión del Employment Appeals Board (Tribunal de Apelaciones de Empleo), 875 Union Street NE, Salem, OR 97311, or llamar (503) 378-2077.

Los sellos de alimento (food stamps) y la ayuda pública pueden ser negados si una decisión que niega los beneficios de desempleo llega a ser final sin una apelación.

AVISO: Si esta decisión invierte cualquier decisión inicial para pagar beneficios en su reclamo, y si esta decisión llega a ser final sin apelación adicional; se puede determinar que un pago excesivo existe. Más, otros beneficios determinados de ser debidos durante el año de beneficios se pueden deducir para recuperar el pago erróneo. Después de la fecha final indicada en esta decisión, usted recibirá información adicional con respecto a su pago excesivo.

BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF OREGON
for the
EMPLOYMENT DEPARTMENT

| | |
|---|---|
| IN THE MATTER OF | ) FINAL ORDER |
| | ) |
| DIANE L. SANDERS, Claimant | ) Ref #:     U29103 |
| | ) SSN:      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 (18-07) |
| | ) FO:         300 |
| | ) NM Code(s): AAA-005.00 |

## HISTORY OF THE CASE

On June 13, 2006 the Employment Department issued an administrative decision that allowed claimant benefits. The employer appealed. On September 11, 2006 a hearing was held. The claimant participated in the hearing and was represented by Paul Sanders. The employer participated in the hearing and was represented by Nancy Boyer. The Employment Department participated in the hearing.

Diane Sanders testified on her own behalf. Nancy Boyer testified on behalf of the employer. The Employment Department representative identified herself as Penny Edwards, (HEPLM01), and testified on behalf of the Employment Department.

## ISSUE

Was claimant unemployed, registered for work, able to work, available for work, and actively seeking and unable to obtain suitable work? (ORS 657.100, 657.155, OAR 471-030-0035 and OAR 471-030-0036.)

## EVIDENTIARY RULINGS

Exhibits 1 and 2 were entered into evidence in this case without any objections.

## FINDINGS OF FACT

(1) Claimant filed a claim for unemployment benefits on May 19, 2006. She claimed and was allowed benefits for the period May 7, through June 3, 2006, the period in issue.

(2) Claimant's job included printing about a 1,000 utility bills a week outside of her normal work area in the copy room. Claimant started having difficulty in the printing process working with paper that was 92% bright or less. This bright paper produced a noxious odor during the printing process. The copy room door was always closed so it created a confined work situation. In May 2005, claimant started leaving the door open and was able to work with the ventilation it provided. Claimant suggested using a respirator in November, 2005 but the

U29103-2 (08/10/06)

employer took the printing process away from claimant at that time. Claimant was willing to work with a respirator during the period in issue.

(3) Claimant went on a medical leave of absence on January 18, 2006 due to the chemical injury from the noxious odors. On April 28, 2006 claimant's doctor opined that claimant could return to work. The doctor also opined that it would be advisable if the employer moved the folding machine out of the finance department and into the copy room where there was some ventilation and leave the copy workroom door open for further improved ventilation. The employer did not put claimant back to work because the employer could not comply with its understanding of the requirements.

(4) Claimant was willing and able to work for this and other employers during the period in issue with accommodation.

## CONCLUSION OF LAW

Claimant was able, available and actively seeking suitable work.

## OPINION

ORS 657.155 requires that, to be eligible for benefits, a person must be unemployed, able to work, available for work, and actively seeking and unable to obtain suitable work. These conditions must be met for each week benefits are claimed.

OAR 471-030-0036(2) states:
For the purposes of ORS 657.155(1)(c), an individual shall be considered able to work in a particular week only if physically and mentally capable of performing the work he or she actually is seeking during all of the week except:
 (a) An occasional and temporary disability for less than half of the week shall not result in a finding that the individual is unable to work for that week; and
 (b) An individual with a permanent or long-term "physical or mental impairment" (as defined at 29 CFR §1630.2(h)) which prevents the individual from working full time or during particular shifts shall not be deemed unable to work solely on that basis so long as the individual remains available for some work.

Claimant filed a claim for unemployment benefits and claimed benefits for the period May 7, through June 3, 2006, the period in issue. During the period in issue, claimant was released back to work. Claimant's doctor's advised the employer to move the folding machine out of the finance department and into the copy room where there was some ventilation and leave the copy workroom door open for further improved ventilation. The employer did not put claimant back to work because the employer could not comply with its understanding of the requirements.

The record establishes that claimant was released back to work and was willing and able to work for this and other employers during the period in issue. However, the record also establishes that claimant did not work because the employer could not comply with its understanding of the requirements.

U29103-3  (08/10/06)

Plaintiff's Exhibit 023
Page 3 of 5

Thus, where the claimant is able to work but does not work because the employer can not accommodate the claimant, the claimant has met the eligibility conditions and is qualified to receive unemployment benefits.

## ORDER

The administrative decision mailed June 13, 2006 is affirmed. Claimant is eligible to receive benefits for the period May 7, through June 3, 2006 under ORS 657.155.

Rohini Lata
Administrative Law Judge
Office of Administrative Hearings

## APPEAL RIGHTS

You may appeal this decision by filing an Application for Review with the Employment Appeals Board within 20 days of the date that this decision is mailed. *See* ORS 657.270(4). For directions regarding how to file an Application for Review, please refer to the enclosed information. If you have further questions, contact the Employment Appeals Board, 875 Union Street NE, Salem, OR 97311, or call 503-378-2077. If the publication 'Rights of Review of a Hearing Decision' was not enclosed with this decision call the Office of Administrative Hearings at 1-800-311-3394.

Public Assistance and Food Stamps may be denied if a decision denying unemployment insurance benefits becomes final without an appeal.

NOTICE: If this decision reverses any initial decision to pay benefits on your claim and if this decision becomes final without further appeal, an overpayment may be determined to exist. Further benefits otherwise payable during the benefit year may be deducted to recover the erroneous payment. After the final date indicated on this decision, you will receive further information regarding your overpayment.

*Si Ud. no esta de acuerdo con esta decisión, puede pedir una revisión dentro de 20 dias después la fecha en que esta decisión envió por correo. Favor de referirse al papel adjunto Rights of Review o al folleto Su Audiencia con el Departamento de Empleo. En pagina ocho (8) del folleto hay información para pedir una revisión del Employment Appeals Board (Tribunal de Apelaciones de Empleo), 875 Union Street NE, Salem, OR 97311, or llamar (503) 378-2077.*

*Los sellos de alimento (food stamps) y la ayuda pública pueden ser negados si una decisión que niega los beneficios de desempleo llega a ser final sin una apelación.*

*AVISO: Si esta decisión invierte cualquier decisión inicial para pagar beneficios en su reclamo, y si esta decisión llega a ser final sin apelación adicional; se puede determinar que un pago excesivo existe. Más, otros beneficios determinados de ser debidos durante el año de beneficios se pueden deducir para recuperar el pago erróneo. Después de la fecha final indicada en esta decisión, usted recibirá información adicional con respecto a su pago excesivo.*

U29103-4 (08/10/06)

## Servicemembers' Civil Relief Act

No party, unless stated above, has notified the Office of Administrative Hearings (OAH) that any participant is a person in military service subject to the Servicemembers' Civil Relief Act. The OAH has no reason to believe that a party to this matter is subject to the Act. If a party to the proceeding is a service member and did not appear for the hearing, within the service members period of service, or 90 days after his/her termination of service, the OAH will review any request from the service member to reopen or vacate the decision if the service member can show that he or she has a good and legal defense to the claim and can show prejudice resulting from not being able to appear personally in the matter.

*Ningún partido, a menos que esté indicado arriba, se ha notificado a la Oficina de audiencias administrativas que cualquiera de los participantes implicados es una persona en el servicio militar sujeto al Acto de alivio civil para los militares (Servicemembers' Civil Relief Act). La Oficina de audiencias administrativas no tiene razón para creer que un partido a este asunto está sujeto al Acto. Si un partido del asunto es un miembro del servicio militar y no apareció para la audiencia, dentro del servicio militar del miembro o dentro de los 90 días después de la terminación del servicio del miembro, la Oficina de audiencias administrativas revisará algún pedido del miembro del servicio para volver a abrir o para desalojar la decisión si el miembro del servicio puede mostrar que tiene una causa buena y una defense legal al reclamo y si puede mostrar el prejuicio resultando de no ser capaz de aparecer personalmente en el asunto.*

U29103-5 (08/10/06)

# MEMORANDUM

Date:     January 8, 2007

To:       Diane Sanders, Accounting Clerk

From:     Lee Gadinas, Finance Director

Subject:  Notice of Termination

---

This memo is to advise you that due to the restrictions placed on you by your physician, Dr. Morgan, which the City is unable to accommodate, the City is terminating your employment effective today, January 8, 2007.

I sent you a due process memo dated November 27, 2006 in which you were given the opportunity to respond either orally or in writing by Friday, December 8, 2006. As indicated in your letter to me dated December 7, 2006 this letter was your response to the memo that you received from me.

The additional information that you provided does not change the material facts in this matter. The information I provided in the due process memo and the information provided in the letter from Kirk Mylander dated October 17, 2006 accurately reflect the reasons that the City is unable to return you to work, with or without accommodations.

Based on this, the City is making the difficult decision to terminate your employment at this time. Please be advised that you may use the City's grievance procedure to request a post termination appeal. We certainly wish you well and thank you for your years of service to the City of Newport.

Once again, you may wish to consider completing an application for Long Term Disability benefits. If you wish to do this, please contact me or Cheryl Ewing at the City Manager's office for the application packet.

I have also enclosed a *Participant Termination Election Form* for the City of Newport Retirement Plan. Please complete this form and return to the City as soon as possible. Under the terms of the Retirement Plan, upon termination of employment, you may choose to withdraw the funds in the Money Purchase Account (Defined Contribution). However, if you choose to make this election, you will forfeit your entire defined benefit. You may choose to elect a deferred benefit, which continues to provide you both your money purchase amount and defined benefit amount at your normal retirement age (62). Along with the election form are your valuation forms for both the Money Purchase and Defined Benefit portions of the Retirement Plan for the plan year which ended as of June

30, 2006. If you have any questions regarding this, please contact me or Cheryl Ewing at the City Manager's office.

Diane, at this time, I must also request that you send me your key to City Hall.

If you have any questions, please do not hesitate to contact me.

Cc: Kirk Mylander
   Allen O'Neal



# Oregon

Bureau of Labor and Industries
Dan Gardner
Commissioner

March 6, 2007

DIANE L SANDERS
PO BOX 1026
WALDPORT, OR 97394

RE: Complainant: Diane L Sanders
    Respondent: The City Of Newport
    Case #: DPEMDP061220-41843
    EEOC #: 38D-2007-00214C

This letter is to inform you that the above-captioned complaint filed with the Civil Rights Division has been closed because the Complainant has withdrawn and informed us of intention to go to court.

NOTICE OF RIGHT TO FILE A CIVIL SUIT
Even though the Civil Rights Division has closed this case, the Oregon Revised Statutes gives you the right to file a suit in a state circuit court based on the allegations in this complaint. This action must be commenced within 90 calendar days from the above mailing date, pursuant to ORS 659A.880. After 90 calendar days from this date, the right to file in state circuit court is lost. If you are interested in protecting this right, you should consult an attorney immediately.

Further, if the Respondent is a public entity, to preserve the right to file a suit in state circuit court, you must also comply with the Oregon Tort Claims Act (ORS 30.260 to 30.300). If you are interested in filing suit against a public entity, you should consult an attorney immediately concerning these requirements.

The copy fee for the file is: $54.13

Sincerely,

CIVIL RIGHTS DIVISION
Administrative Support Unit


Amy K Klare, CRD Administrator
Enclosure(s)

cc: Human Resources. The City of Newport. Respondent
cc: City Attorney. The City of Newport
cc: Tom Doyle, Complainant Attorney

cl

**PORTLAND**
800 NE Oregon St. Suite 1045
Portland, OR 97232-2180
(971) 673-0763
Fax (971) 673-0762
TTY (971) 673-0766

**EUGENE**
1400 Executive Parkway, Suite 200
Eugene, OR 97401-2158
(541) 686-7623
FAX (541) 686-7980

**BEND**
Worksource Bend
1645 NE Forbes Rd, Ste 106
Bend, OR 97701-4990
(541) 322-2435
FAX (541) 389-8265

**MEDFORD**
119 N Oakdale Ave.
Medford, OR 97504-2629
(541) 776-6270
FAX (541) 776-6284

**SALEM**
3865 Wolverine St. NE; E-1
Salem, OR 97305-1268
(503) 378-3292
FAX (503) 373-7636

**PENDLETON**
1327 SE 3rd St.
Pendleton, OR 97801-4101
(541) 276-7884
FAX (541) 276-5767

AN EQUAL

Plaintiff's Exhibit 025
Page 1 of 1

U.S. Department of Justice

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5053 1454

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

April 18, 2007

Ms. Diane L. Sanders
c/o Thomas K. Doyle, Esquire
Law Offices of Bennett, Hartman, et al.
Attorneys at Law
111 S.W. Fifth Ave., Ste. 1650
Portland, OR 97204-3627

BENNETT, HARTMAN, MORRIS & KAPLAN

APR 24 2007

PORTLAND, OREGON

Re: EEOC Charge Against City of Newport
    No. 38D200700214

Dear Ms. Sanders:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:
   Title I of the Americans with Disabilities Act of 1990,
   42 U.S.C. 12111, et seq., and,
   Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Seattle District Office, EEOC
    City of Newport

Plaintiff's Exhibit 026
Page 1 of 1