FILED '09 FEB 25 16:13 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIANE L. SANDERS,                    )
                                     )
            Plaintiff,               )   Civ. No. 07-0776-TC
                                     )
      v.                             )   Opinion and Order
                                     )
                                     )
                                     )
                                     )
CITY OF NEWPORT, an Oregon           )
Municipal Corporation,               )
                                     )
            Defendant.               )
_____  )

Coffin, Magistrate Judge:


      Before the court is plaintiff's motion for attorney fees
(#109) and bill of costs (#113), and defendant's bill of costs
(#91).    For the following reasons, plaintiff's motion for
attorney fees is GRANTED in part; the parties' bills of costs are
offset and plaintiff's bill is GRANTED in part.


                            Background

      Plaintiff brought several federal and state claims against
defendant stemming from her discharge from employment.    After a
jury trial, a defense verdict was returned on all claims tried

1 Opinion and Order

to the jury.  Two state law claims were tried to the court:
plaintiff's Oregon Family Leave Act ("OFLA") claim and her
claim alleging retaliation for complaining about workplace
safety.  This court found for defendant on the retaliation
claim and in favor of plaintiff on the OFLA claim.  The court
awarded plaintiff $68,040, consisting of back pay, front pay,
and insurance costs.

### Standard

Under ORS 659A.885(1), the court "may allow the prevailing
party costs and reasonable attorney fees at trial" in an action
under OFLA.  ORS 20.075(1) lists eight factors that a court
"shall consider * * * in determining whether to award attorney
fees in any case in which an award of attorney fees is
authorized by statute and in which the court has discretion to
decide whether to award attorney fees[.]"  By its terms, then,
ORS 20.075(1) applies to the discretionary decision whether to
award fees under ORS 659A.885(1).

The court considers the following factors regarding
whether to award attorney fees to the prevailing party and, if
so, what amount:

> "(a) The conduct of the parties in the transactions or
> occurrences that gave rise to the litigation, including
> any conduct of a party that was reckless, willful,
> malicious, in bad faith or illegal.
>
> (b) The objective reasonableness of the claims and
> defenses asserted by the parties.
>
> (c) The extent to which an award of an attorney fee in the
> case would deter others from asserting good faith claims
> or defenses in similar cases.
>
> (d) The extent to which an award of an attorney fee in the

2 Opinion and Order

case would deter others from asserting meritless claims and defenses.

(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

(h) Such other factors as the court may consider appropriate under the circumstances of the case.

(2) A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:

(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

(c) The fee customarily charged in the locality for similar legal services.

(d) The amount involved in the controversy and the results obtained.

(e) The time limitations imposed by the client or the circumstances of the case.

(f) The nature and length of the attorney's professional relationship with the client.

(g) The experience, reputation and ability of the attorney performing the services.

(h) Whether the fee of the attorney is fixed or contingent."

ORS 20.075.[1]

The term "prevailing party" is defined in ORS 20.077:

"(1) In any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required, the prevailing party on each claim shall be determined as provided in this section. The provisions of this section apply to all proceedings in the action or suit, including arbitration, trial and appeal.

(2) For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall:

(a) Identify each party that prevails on a claim for which attorney fees could be awarded; [and]

(b) Decide whether to award attorney fees on claims for which the court or arbitrator is authorized to award attorney fees, and the amount of the award[.]"

ORS 20.077.

## Discussion

Plaintiff was the "prevailing party" on her OFLA claim, and under ORS 659A.885(1), this court is authorized to award her attorney fees on that claim. However, plaintiff requests an award for "all hours worked on this case," a total of 276.10 hours, or $72,586.00.

Several of plaintiff's claims are unrelated to the OFLA claim. Defendant concedes that plaintiff's Family Medical Leave Act ("FMLA") claim is related, but asserts that the rest

---

[1] Those factors are similar to the factors espoused in Hensley v. Eckhert, 461 U.S. 424, 430 (1983) (discussing the Civil Rights Attorney's Fees Awards Act of 1976).

4 Opinion and Order

are not.  Plaintiff may not recover attorney fees for work on
unsuccessful claims wholly unrelated to the successful claim.
Hensley, 461 U.S. at 439.  Claims are unrelated if they (1) are
distinct in all respects" from each other; (2) seek different
relief based on different facts and different legal theories;
and (3) require unrelated work by counsel.  Id. at 434-35, 440.

     Plaintiff's claims under OFLA and FMLA sought identical
relief and were based on identical facts.  Defendant, as noted,
does not contest the interrelationship of these claims.
Despite defendant's argument that plaintiff's state and federal
disability claims were unrelated to the successful OFLA claim,
I find that these claims were also inextricably interwoven with
the OFLA/FMLA claims; at the core of each was the defendant's
medical condition (i.e., the diagnosis of Multiple Chemical
Sensitivity), her taking of medical leave, and the defendant's
actions in discharging her because of concerns about her
sensitivity to unknown chemicals.  Although the legal issues
pertaining to the medical leave claims and the disability
claims were different, the factual underpinnings were
essentially the same.  Consequently, I find that much, albeit
not all,[2] of the hours expended on the disability claims were
"related" to plaintiff's successful OFLA claim.

     The retaliation claims, however, were insufficiently
related to plaintiff's OFLA claims as they centered on the
contention that defendant fired plaintiff because she raised
issues around workplace safety and caused an OSHA investigation

---

[2] For example, preparing jury instructions for the disability
claims.

5 Opinion and Order

of her workplace environment.  Accordingly, I reduce the fee
award somewhat to reflect the lack of success on the
retaliation claims.  I note, however, that very little evidence
or trial time was focused exclusively on the retaliation
claims,[3] and thus I will discount the overall fee award by 10%.

Moreover, plaintiff requests attorney fees in excess of
those "customarily charged in the locality for similar legal
services at a rate that exceeds the prevailing rate in the
community for similar work performed by attorneys of comparable
skill, experience, and reputation."  Plaintiff argues that
this was a "complex employment discrimination claim" and that
the rate is not excessive.  However, considering the "time and
labor required in the proceeding, the novelty and difficulty of
the questions involved in the proceeding and the skill needed
to properly perform the legal services," along with the other
factors in ORS 20.075, this court finds the rate excessive.

"To determine whether a requested hourly rate is
reasonable, this Court uses the Oregon State Bar Economic
Survey as an initial benchmark."  Roberts v. Interstate
Distrib. Co., 242 F. Supp. 2d 850, 857 (D. Or. 2002).  A party
seeking to deviate from the rates must "provide ample
justification."  Id.

Plaintiff's petition requests an hourly rate of $275 for
plaintiff's lead attorney.  That rate exceeds that prescribed
by the Economic Survey for the Portland area.  The average rate

---

[3] The evidence regarding the OSHA tests, for example, was also
relevant to plaintiff's medical condition and the issue of whether
defendant was justified in discharging her after she had been cleared
by her physician to return to work.

6 Opinion and Order

for an attorney with 10-12 years of experience is $235 per hour, while the average rate for a plaintiff's attorney in civil litigation (excluding personal injury) is $240, and the median is $225. Plaintiff's counsel does not submit any information as to why he is entitled to an amount above those average figures. His statements that the issues were "novel," that he refused other cases, and that the contingent nature of the fee agreement are also unsupported.

This court therefore awards plaintiff attorney fees at the rate of $240 per hour for 193.77 hours (reducing plaintiff's stated total of 215.30 by 10% because not all of the claims were related) for a total of $46,504.80. In addition, this Court awards additional attorney fees of $12,040.65 for work done by other legal professionals in counsel's firm, at the rates requested, but reduced in hours by 10% for work unrelated to the prevailing OFLA claim.

Plaintiff requests expert witness fees, relying upon ORS 20.107; however, that statute does not authorize relief in this case, as the prevailing claim was not one of unlawful discrimination as defined by ORS 20.107(4). Instead, ORS 20.075 authorizes a discretionary award to the prevailing party on a claim of attorney fees with no mention of expert witness fees. Similarly, ORS 659A.855 allows a discretionary award of attorney fees and does not mention expert witness fees. Therefore, this court declines to award expert witness fees to plaintiff.

Each party requests costs, plaintiff in the amount of $1,943.20, and defendant $1,114.20. This court will offset the

7 Opinion and Order

respective costs and thus award plaintiff a net of $829.00.

## Conclusion

For the foregoing reasons, plaintiff is awarded $58,545.45 in attorney fees and $829.00 in costs.

Dated this 25+ day of February, 2009.

_____

THOMAS M. COFFIN
United States Magistrate Judge

8 Opinion and Order